THE VILLAGE OF CREVE COEUR, Plaintiff-Appellant, v. DENNIS FLETCHER *et al.*, Defendants-Appellees.

Third District   No. 3—88—0641

Opinion filed August 16, 1989.

Rochford & Associates, of Peoria (Michael D. Gifford, of counsel), for appellant.

Cornfield & Feldman, of Chicago (Richard Tupper, of counsel), for appellees.

JUSTICE STOUDER delivered the opinion of the court:

On September 11, 1986, the Board of Fire and Police Commissioners (the Board) of the Village of Creve Coeur (the Village) decided to discipline Dennis Fletcher with a 30-day suspension for conduct unbecoming of a police officer. Thereafter, Fletcher and his union, Local 463, Counsel 163, American Federation of State, County, and Municipal Employees, AFL-CIO (the Union), filed a grievance pursuant to a collective bargaining agreement with the Village, contesting the Board's decision. Fletcher and the Union also filed a complaint for administrative review against the Village and the Board.

The Village refused to consider the grievance, declaring it nongrievable and stating that Fletcher's only appeal was pursuant to the fire and police commission act (Ill. Rev. Stat. 1985, ch. 24, par. 10—2.1—1 et seq.). The Union replied that the Village's position was unacceptable and requested that an arbitrator be appointed. The Village then brought this action in the circuit court of Tazewell County, seeking a declaratory judgment that the disciplinary action taken by the Board against Fletcher is not subject to the grievance procedure outlined by the collective bargaining agreement. The defendants, Fletcher and the Union, counterclaimed, seeking to compel the Village to arbitrate. When the court entered its summary judgment in favor of the defendants, the Village brought this appeal, arguing that the circuit court erred in its interpretation of the collective bargaining agreement and that arbitration of the Board's decision is barred by law.

▉ Both parties agree that the first issue to be decided in this appeal is whether the circuit court erred when it interpreted the collective bargaining agreement to require arbitration of the parties' dis-

pute. When a question of interpretation arises, it is fundamental that the court adopt a construction of the contract that is reasonable rather than that which would produce an irrational or absurd result. (*Scheduling Corp. of America v. Massello* (1983), 119 Ill. App. 3d 355, 361, 456 N.E.2d 298, 303.) The trial court's interpretation of the contract focused on article XII, section 1, of the collective bargaining agreement, which provides in relevant part:

"Except as provided by the Fire and Police Commission Act, disciplinary action or measures shall include only the following:

Oral reprimand

Written reprimand

Suspension (notice to be given in writing) Disciplinary action may be imposed upon an employee only for failing to fulfill his responsibilities as an employee. Any disciplinary action or measure imposed upon an employee may be processed as a grievance through the regular grievance procedure."

The trial court reasoned that while the contract in this section discussed a police and fire commission act exception, the exception applied only to the first sentence and not to the remaining sentences in the section. Thus, it concluded that the fire and police commission act was not a consideration in deciding whether a particular disciplinary action could be processed through the grievance procedure. We observe that while such an interpretation may be constructionally plausible, it provides for an irrational result considering the nature of the grievance procedure. In this case, for instance, supposing that the parties proceeded pursuant to the fire and police commission act by going through the Board of Police and Fire Commissioners, the circuit court, the appellate court to the supreme court of Illinois, one of the parties, dissatisfied by the result of the supreme court, could then, according to the circuit court's interpretation, proceed through the regular grievance procedure where a police officer's immediate sergeant could review and decide contrary to the decision of the supreme court.

The actual result in this case of the circuit court's interpretation is to permit the officer's immediate sergeant to review and decide contrary to the decision of the Board of Commissioners. While such a result may not be as irrational as the hypothetical presented above, it is nonetheless irrational and, therefore, erroneous. The circuit court should have concluded that the fire and police commission act exception applied to all the sentences of the relevant section of the collective bargaining agreement and that a matter taken pursuant to the

fire and police commission act, therefore, precluded use of the regular grievance procedure.

Therefore, because the circuit court erred in its interpretation of the contract, we accordingly reverse its judgment.

Reversed.

WOMBACHER, P.J., and HEIPLE, J., concur.