PEORIA FIREFIGHTERS LOCAL 544, INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, AFL-CIO, *et al.*, Petitioners-Appellants, v. PETER KORN, as City Manager of the City of Peoria, *et al.*, Respondents-Appellees.

Third District   No. 3—91—0495

Opinion filed June 5, 1992.—Rehearing denied July 15, 1992.

SLATER, J., dissenting.

Cornfield & Feldman, of Chicago (J. Dale Berry, of counsel), for appellants.

Louise Natonek, of Peoria, for appellee City of Peoria.

Roy G. Davis, of Keck, Mahin & Cate, of Peoria (Robert M. Riffle and Linda L. Laugges, of counsel), for other appellees.

JUSTICE STOUDER delivered the opinion of the court:

Petitioners filed a petition to compel arbitration against the respondents in the circuit court of Peoria County. Respondents moved to dismiss the petition pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619), and the trial court granted the motion. This appeal followed.

On July 8, 1988, the City of Peoria entered into a collective bargaining contract with Peoria Firefighters Local 544. The contract, by its own terms, was made retroactive to January 1, 1986, and included a broad grievance and arbitration clause. Article 11.2 provided "employees who are disciplined" with "the option of seeking review of

any disciplinary action through the grievance procedure." Under the contract, employees could elect either grievance/arbitration procedures or Fire and Police Commission procedures, but not both.

Before the collective bargaining agreement was signed, petitioners Melvin Blunier (Blunier) and Robert Ochs (Ochs) were firemen with the City of Peoria assigned to duty at the Heart of Illinois Fair on July 13, 1986. Petitioners were charged by the city with sexual misconduct while on duty and with insubordination for failing to answer questions while under interrogation for those charges. Following a hearing before the Fire and Police Commission, Blunier and Ochs were dismissed. On administrative review, this court affirmed the commission's decision discharging petitioners for insubordination. *Blunier v. Board of Fire & Police Commissioners* (1989), 190 Ill. App. 3d 92, 545 N.E.2d 1363.

Blunier and Ochs filed a grievance against the city alleging that the commission's actions violated certain provisions of the collective bargaining agreement. Filed on November 7, 1988, the grievance was processed through the appropriate procedures, and on December 19, 1988, the city was notified that the union was referring the matter to arbitration. On January 4, 1989, the city and union jointly requested a panel of arbitrators from the Federal Mediation and Conciliation Service. However, on March 15, 1989, the city and the union mutually agreed to delay submitting this grievance to arbitration in order to allow completion of the then-pending litigation arising from administrative review of the board's action.

On May 14, 1990, after the litigation was completed, the union notified the city of its desire to proceed to arbitration and requested again that an arbitration panel be selected. The city took the position that Blunier and Ochs were not entitled to the grievance procedure. In September, the union reasserted its request for an arbitration panel, and the city notified the union that it was refusing the request for arbitration for the following reasons:

 1. The matters giving rise to the discharges occurred prior to the evolution of any contractual right to arbitrate alleged violations of the collective bargaining agreement.

 2. The fire fighters obtained a complete and thorough review of their discharges under the Police and Fire Commission Act.

 3. Even if the grievances were "arbitrable" under the collective bargaining agreement, the fire fighters elected to pursue the Fire and Police Commission option and thereby waived their right to arbitrate.

As a result of the city's refusal to arbitrate, the petitioners brought the instant action. The trial court granted the city's motion to dismiss. The petitioners contend on appeal that the language of the collective bargaining agreement grants the union the right to submit this grievance to arbitration, that there has been no waiver of the contractual right to arbitrate the issue presented in the grievance, and that *res judicata* does not bar submitting the grievance to arbitration.

In *Board of Governors of State Colleges & Universities v. Illinois Educational Labor Relations Board* (1988), 170 Ill. App. 3d 463, 524 N.E.2d 758, a university filed charges for the discharge of a university employee. The employee appealed her discharge to the Merit Board of the State Universities Civil Service System as provided by statute. After a hearing, the Board concluded that the university had shown cause for discharging her. In the meantime, the employee filed a grievance which the university rejected and refused to process. Following an examination of these facts, the court concluded that the application of the doctrine of *res judicata* precluded the arbitrator from determining whether good cause existed to support the employee's discharge. In reaching that conclusion, the court stated:

> "Interests of judicial economy and principles of *res judicata* require affirmance of the determination of the Merit Board once the employee has elected to follow civil service discharge procedures." *Board of Governors* (1988), 170 Ill. App. 3d 463, 483-84, 524 N.E.2d 758.

Petitioners argue that the doctrine of *res judicata* does not apply to the instant case because the proceedings before the Board and courts involved issues different from those which would be addressed in an arbitration hearing. They attempt to differentiate between the "just cause" standard for discharge which would be applied by an arbitrator under the agreement and the standard which was applied by the Board and the courts in the prior litigation. We find, however, that no such distinction exists.

In the instant case, the collective bargaining agreement entered into between the parties specifically contemplated an election of remedies on facts such as those before us. The purpose of such an election was seen by both parties to the contract as avoiding the just cause confrontation between the administrative review process and the arbitration process that is set up by these facts. More importantly, the conduct of the petitioners subsequent to the execution of the collective bargaining agreement constituted a waiver and election of remedies.

■ In sum the underlying facts of the instant case are identical. The relief sought is also identical. This court therefore will not engage itself in a semantical exercise in order to skirt the judicially created doctrine of *res judicata*. Accordingly, the trial court correctly dismissed the petition to compel arbitration.

■ We further note the earlier commission proceeding should not have been for naught. The fact that the union placed in the contract a general retroactive clause does not necessarily put it into effect in this case. The retroactive clause in this collective bargaining agreement was not intended to erase all previous disciplinary actions brought by the Police and Fire Commission. The collective bargaining agreement contemplates there will be only one procedure employed by the petitioner, either administrative review or arbitration. This fact tends to demonstrate that the parties to the agreement were aware of the problems associated with dual remedies and provides support for the argument that the retroactive clause does not apply to the instant case. Indeed, the petitioners actively pursued arbitration only after exhausting all available remedies through the administrative process which led to a result from this court that was unsatisfactory to them.

Furthermore, the petitioners emphasize that they never affirmatively elected to waive their rights to arbitrate. However, it's readily apparent the petitioners did not affirmatively waive their right to arbitrate because it would have extinguished an opportunity to succeed at administrative review. To be sure, the petitioners were fully cognizant of the fact that if they lost at administrative review they had an opportunity to get a second bite at the same apple by filing for arbitration under the new collective bargaining agreement.

In *Village of Creve Coeur v. Fletcher* (1989), 187 Ill. App. 3d 116, 543 N.E.2d 323, this court rejected a police officer's attempt to have a disciplinary decision of a police and fire board reviewed both through administrative review and by way of a grievance procedure pursuant to a collective bargaining agreement. This court concluded that allowing the police officer to proceed under both administrative review and arbitration would provide for an irrational and absurd result. To support its reasoning, the court proposed the following hypothetical:

> "[S]upposing that the parties proceeded pursuant to the fire and police commission act by going through the Board of Police and Fire Commissioners, the circuit court, the appellate court to the supreme court of Illinois, one of the parties, dissatisfied by the result of the supreme court, could then *** proceed through the regular grievance procedure where a police offi-

cer's immediate sergeant could review and decide contrary to the decision of the supreme court." *Creve Coeur*, 187 Ill. App. 3d at 118, 543 N.E.2d at 324.

The facts of the instant case bring to life the irrational hypothetical described in *Creve Coeur*. The parties have proceeded before the Board of Fire and Police Commissioners, the circuit court, the appellate court, and even the supreme court. At this juncture, dissatisfied with the result, the petitioners seek to take the matter to arbitration.

Our decision in *Creve Coeur* was meant to prevent cases like this. There is a public policy component of *Creve Coeur* which applies to the instant case—conservation of judicial resources and time. The petitioners here have availed themselves of every opportunity, at four levels of the administrative and judicial system, to argue that they should not have been discharged. They are now before the courts again seeking to invoke the jurisdiction of yet a fifth tribunal—a panel of arbitrators. Considering, as we should, the tremendous expenditure of public resources and judicial time in litigating these claims, it is most appropriate that this court apply the rationale enunciated in *Creve Coeur* to the instant case.

For these reasons, we affirm the judgment of the circuit court of Peoria County.

Affirmed.

GORMAN, J., concurs.

JUSTICE SLATER, dissenting:

The majority opinion denies to the petitioners their right to elect the arbitration procedure provided in the collective bargaining agreement. I respectfully dissent.

The grievance which is at issue here does not challenge the commission's action, which has been affirmed on administrative review. The pending grievance alleges that the personnel actions instituted against Blunier and Ochs constitute a "lock out." In addition, Blunier and Ochs allege they have been dismissed without just cause. The collective bargaining agreement prohibits the city from authorizing "any lock out of employees covered by this agreement" and provides that "no employee shall be discharged *** without just cause."

The Illinois Public Labor Relations Act (Ill. Rev. Stat. 1989, ch. 48, par. 1601 *et seq.*) establishes the right to arbitrate labor disputes. Section 8 specifically allows for a grievance procedure as follows:

"The collective bargaining agreement negotiated between the employer and the exclusive representative shall contain a grievance resolution procedure which shall apply to all employees in the bargaining unit and shall provide for final and binding arbitration of disputes concerning the administration or interpretation of the agreement unless mutually agreed otherwise." (Ill. Rev. Stat. 1989, ch. 48, par. 1608.)

The statute mandates that parties to a collective bargaining agreement arbitrate all disputes over the administration and interpretation of the agreement unless they mutually agree not to arbitrate the dispute. The city has the burden to establish that the petitioners have mutually agreed with the city not to proceed with arbitration. No such position was ever agreed to by the petitioners.

The collective bargaining agreement, which is retroactive to January 1, 1986, clearly establishes the right of Blunier and Ochs (as members of the bargaining unit) to grieve disciplinary action initiated by the city. Under article 5 of the agreement, a "grievance" is broadly defined as a "dispute arising between the parties concerning a violation or alleged violation of this agreement *** or disciplinary action taken by the City." Under article 11.2 of the agreement, members of the bargaining unit are given "the right to have disciplinary action reviewed by the Fire and Police Commission" in place of the grievance procedure provided for in article 5. Article 11.2 establishes the procedures by which members of the bargaining unit may knowingly elect to waive their rights to one or the other of the two options. Blunier and Ochs never affirmatively elected to waive their rights to the grievance procedure which became available to them under the retroactive collective bargaining agreement.

Under the collective bargaining agreement, Blunier and Ochs were entitled to pursue grievance/arbitration procedures or commission procedures, but not both. The majority finds that the grievance is not arbitrable because Blunier and Ochs participated in commission proceedings and administrative review of those proceedings. However, at the time the commission proceedings were commenced, Blunier and Ochs did not have the right to proceed by way of the grievance procedure. The grievance procedure was created on July 7, 1988, when the collective bargaining agreement was executed. By its own terms, the effective date of the agreement was retroactive to January 1, 1986. Blunier and Ochs did not waive their option of review of the disciplinary action through the grievance procedure by continuing to participate in administrative review of the commission's proceedings. In fact, during the review phases of the commission proceedings, Blunier

and Ochs did file and cause to be processed, in accord with the collective bargaining agreement, the grievance here in question. Blunier and Ochs, in order to waive their rights to the grievance procedure under the agreement would, necessarily, have had to execute a waiver in writing which they did not do. The petitioners' continued participation in the administrative review phases of the earlier commission proceedings did not amount to waiver of their grievance rights under the collective bargaining agreement.

It is asserted that if Blunier and Ochs are allowed to have this matter submitted to arbitration, they will be getting a "second bite of the apple." Prior proceedings act as a bar under the doctrines of *res judicata* and collateral estoppel to protect litigants from the burden of retrying an identical cause of action. (*Spiller v. Continental Tube Co.* (1983), 95 Ill. 2d 423, 447 N.E.2d 834.) The Illinois Supreme Court, in *Ryherd v. General Cable Co.* (1988), 124 Ill. 2d 418, 432, 530 N.E.2d 431, 438, however, has recognized that a contractual grievance and a statutory discharge claim "are different, and fundamentally unrelated, claims."

The issues as to whether there was "just cause" for the discharge and as to whether a "lock out" occurred could not have been raised by the petitioners prior to the date of July 8, 1988, when the collective bargaining agreement was created. Statutory "just cause" and contractual "just cause" are not interchangeable. As stated by our supreme court in *Ryherd,* "many discharges allowed under our State law are certainly prohibited by the 'just cause' provisions of a typical collective-bargaining agreement." *Ryherd,* 124 Ill. 2d at 428, 530 N.E.2d at 435.

In *Village of Creve Coeur v. Fletcher* (1989), 187 Ill. App. 3d 116, 543 N.E.2d 323, this court held that a suspended policeman who had been subjected to disciplinary proceedings before the Board of Fire and Police Commissioners was not entitled to file a grievance and compel arbitration under the collective bargaining agreement. We concluded that allowing the grievance procedure to take place after commission proceedings could lead to contradictory results. *Creve Coeur* does not preclude the relief requested by the petitioners herein. The collective bargaining agreement here in question came into being after the commission proceedings had been commenced and provided for an election by the fire fighters which required a specific act on their part to proceed with one avenue or another.

For these reasons, I would reverse the trial court's order dismissing the petition to compel arbitration.